No. 3175

Second Circuit

BIRD v. JOHNSON

(April 9, 1931. Opinion and Decree.)

Dickson & Denny, of Shreveport, attorneys for plaintiff, appellant.

Hunter, Morgan & Hunter, of Shreveport, attorneys for defendant, appellee.

DREW, J. On November 28, 1925, plaintiff sold to defendant a lot of ground in the city of Shreveport, with the improvements thereon, and at the same time he sold to defendant a lot of household furniture, for which a note for $400 was given in part payment. The deed to the lot of ground recites that evidence of the payment of the taxes was produced. The taxes were not paid on the lot of ground by plaintiff for the year 1925, and defendant was forced to pay same or let the property sell for taxes.

Two payments of $100 each were made by defendant on the $400 note given for the furniture, and thereafter, becoming delinquent in making his payments, the plaintiff instituted this suit on the note for the balance due, including interest and attorney's fees.

Defendant answered admitting that he executed the note, and alleged that it was given in payment of the furniture, and that, when he received the furniture, a number of articles that he had bought were missing, fixing the value of the missing articles at $102, and alleging that the note should be credited with this additional amount. Then, assuming the position of plaintiff in reconvention, he alleged that the taxes for the year 1925, amounting to $92.50, were paid by him and should have been paid by plaintiff, and prayed that the note be credited with $102, the value of the missing furniture, and that he have judgment in reconvention for the sum of $92.50, the amount of taxes paid.

The lower court rendered judgment for plaintiff as prayed for, and for defendant in reconvention in the sum of $92.50, for taxes paid, and for the further sum of $60 for the value of the missing furniture bought and not delivered. Plaintiff appealed from the judgment rendered in favor of defendant in reconvention only.

Defendant has not appealed; therefore the only thing before us for review is the judgment rendered in favor of defendant on his reconventional demand. Defendant did not set up in reconvention a claim for the value of the furniture alleged to have been purchased and not delivered; neither did he pray for judgment for that amount in reconvention. Therefore that part of the judgment awarding defendant in reconvention $60 for the value of the missing furniture cannot be allowed, for the reason that it would be a judgment in excess of the amount prayed for, and he cannot recover judgment for more than he demands. Huff v. Fitzsimmons et al. (La. App.) 132 So. 257; articles 156, 157 and 553, Code Prac.

The testimony regarding who should pay the taxes for 1925 is conflicting, but the deed transferring the property on which the taxes were due corroborates the defendant, and we cannot say the judgment of the lower court is erroneous in that respect.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by eliminating from the judgment in reconvention the sum of $60, for the missing furniture, and, as amended, the judgment of the lower court be affirmed; cost of appeal to be paid by appellee.